RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/28/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **TYRONE DONNELL PORTER** | **DOCKET NO. 1:14-CV-449; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se petitioner Tyrone Donnell Porter is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Rapides Parish Detention Center III in Alexandria, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on February 24, 2014. Petitioner attacks his 2010 conviction and sentence in the Ninth Judicial District Court, Rapides Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Petitioner entered a guilty plea and was convicted of possession with intent to distribute a controlled dangerous substance on July 28, 2010. He was sentenced to twenty years of imprisonment. Porter did not appeal his conviction or sentence. On November 23, 2011, Porter filed a motion for out of time appeal (which he now claims was a motion for appeal and/or application for post-conviction relief). [Doc. #1, p.21] The motion for out of time appeal was denied by the district judge. Petitioner filed a

writ application in the Third Circuit Court of Appeal, which was denied on June 1, 2012.  [Doc. #1, p.22]

On October 10, 2012, Petitioner filed an application for post-conviction relief in the 9th Judicial District Court (which he claims was actually his second application). [Doc. #1, p.31] The district judge denied the application as untimely on October 11, 2012, noting that Porter had failed to set forth facts that would establish that his claim met any exception to the time limitation set forth by Louisiana Criminal Code 930.8.  [Doc. #1, p.53] The Third Circuit Court of Appeal denied Porter's writ application on the same grounds. See State v. Porter 110 So.3d 294 (Table), 2012-01254 (La.App. 3 Cir. 3/20/13). The Louisiana Supreme Court also denied writs. See State ex rel. Porter v. State, 125 So.3d 420, 2013-1053 (La. 11/1/13).

*Law and Analysis*

In his petition, Porter does not set forth the grounds on which he believes he is in custody in violation of the Constitution, laws, or treaties of the United States; he simply references his attached application for post-conviction relief. [Doc. #1, p.5]  In his post-conviction application, Petitioner claims that his plea was involuntary and invalid and that he is actually innocent due to a narcotics officer's subsequent indictment for police misconduct.

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to

provide a **one year** statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitations period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999). Petitioner did not appeal his conviction and sentence. Thus, for AEDPA purposes, Porter's judgment of conviction and sentence became final by the expiration of the time for seeking direct review, or thirty days following July 28, 2010, on or about August 28, 2010. Under 28 U.S.C. §2244(d)(1) he had one year, until on or about August 28, 2011, to file his federal *habeas* petition.

28 U.S.C. §2244(d)(2) contains a statutory tolling provision providing that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). ***However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.*** See Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), citing Flanagan

v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Petitioner's first collateral attack in the state court was not filed until October 10, 2012, so the lapse of time prior to that date is counted toward the AEDPA limitations period. Neither Porter's application for post-conviction relief, nor any of his subsequent filings in the Ninth Judicial District Court, the Third Circuit Court of Appeals or the Louisiana Supreme Court could operate to toll the limitations period. Thus, the one year limitations period expired long before Petitioner sought post-conviction relief in state court.

Petitioner argues that his "Motion for Out-of-Time Appeal" filed in the 9th Judicial District Court was also an application for post-conviction relief. Nonetheless, even if the motion for out of time appeal had been treated as a post-conviction application, it was not filed until November 2011, which is still <u>after</u> the one year limitations period under the AEDPA had expired.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. <u>See</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To

be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently', and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state of Louisiana; nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims. He acknowledges that he did not file any documents until November 2011, and there were no extraordinary circumstances that prevented him from raising his post-conviction claims any sooner.

Because a period of more than twelve un-tolled months elapsed between the date that Petitioner's conviction became final and the date that his federal suit was filed, and he has not shown that he is entitled to equitable tolling; accordingly, his *habeas* claims are barred by the timeliness provisions codified at 28 U.S.C. § 2244(d).

For the forgoing reasons, **IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be

taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 28th day of April, 2014.

```
                            _____
                            JAMES D. KIRK
                            UNITED STATES MAGISTRATE JUDGE
```